UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PEDRO TRINIDAD,

Petitioner,

-against-

J.L. JAMISON,

Respondent.
----------------------------------------------------------------X

23-CV-4232 (DEH) (VF)

**REPORT & RECOMMENDATION**

**VALERIE FIGUEREDO, United States Magistrate Judge**

**TO: THE HONORABLE DALE E. HO, United States District Judge.**

Petitioner Pedro Trinidad ("Trinidad"), proceeding *pro se*, brings the instant Petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, against Respondent J.L. Jamison ("Jamison"), Warden of the Federal Bureau of Prisons ("BOP") Correctional Facility in Otisville, New York ("FCI Otisville"). ECF No. 1.[1] Trinidad, who is a citizen of the Dominican Republic, challenges the BOP's refusal to credit him with one year of earned time credits ("ETCs") under the First Step Act, 18 U.S.C. § 3632 ("FSA"). For the reasons that follow, I respectfully recommend that the Petition be **DISMISSED** as moot.

## BACKGROUND

### A. Underlying Offense

On August 26, 2020, Trinidad was sentenced in the U.S. District Court for the District of Puerto Rico to a term of 103 months imprisonment and five years of supervised release for: (1) re-entry of a removed alien, in violation of 8 U.S.C. § 1326(a); (2) conspiracy to import into the

[1] "ECF No." refers to entries in the docket for Trinidad's instant habeas proceeding, No. 23-CV-4232 (DEH) (VF). The page numbers referenced herein for citations to documents on the electronic docket ("ECF") are to the electronically generated pagination in those documents.

United States from a place outside thereof, at least 40 but less than 50 kilograms of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B), and 963; (3) importation of 5 or more kilograms of cocaine, specifically, at least 40 but less than 50 kilograms of a mixture or substance containing a detectable amount of cocaine; (4) aiding and abetting in violation of 18 U.S.C. § 2; (5) conspiracy to possess with intent to distribute 5 or more kilograms of cocaine, specifically at least 40 but less than 50 kilograms of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; (6) possession with intent to distribute 5 or more kilograms of cocaine, specifically at least 40 but less than 50 kilograms of a mixture or substance containing a detectable amount of cocaine; and (7) aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. See ECF No. 10 at 6; 2016 D.E. 619; 2018 D.E. 63.[2]

On or about November 9, 2022, the U.S. Department of Homeland Security ("DHS") issued an immigration detainer against Trinidad, stating that probable cause exists that he is a removable alien based on "[a] final order of removal against [Trinidad]." ECF No. 1 at 8-9.

**B. Instant Petition**

On May 15, 2023, Trinidad filed the instant Petition pursuant to Section 2241. ECF No. 1. Trinidad asserts a single basis for habeas relief: "that under the First Step Act, the BOP must award him ETC . . . as it does with the American Citizens and many Alien Non-resident Citizens." Id. at 2. He argues that the BOP discriminates against non-citizen inmates like him by

[2] "2016 D.E." refers to a docket entry in Trinidad's 2016 criminal case in the U.S. District Court for the District of Puerto Rico, No. 16-CR-729-14 (PAD). "2018 D.E." refers to a docket entry in Trinidad's 2018 criminal case in the U.S. District Court for the District of Puerto Rico, No. 18-CR-563-1 (PAD). Trinidad's two criminal cases were consolidated for sentencing purposes. See 2016 D.E. 574.

preventing them from obtaining ETCs. Id. at 3-4. Trinidad requests that the Court (1) "[d]irect the BOP to not exclude . . . Non-U.S. Citizen inmates from participating in a one-year sentence reduction granted by the FSA through the [ETC] Program," and (2) "[g]rant the [ETC] Reduction Program." Id. at 7. Trinidad does not raise any challenge concerning his two underlying criminal convictions.

On September 11, 2023, Respondent submitted a memorandum of law in opposition to Trinidad's Petition (ECF No. 10) and the accompanying declaration of Kettisha Manson Walker ("Walker"), a Case Management coordinator at FCI Otisville (ECF No. 11). On September 12, 2023, this action was referred to the undersigned for a report and recommendation. ECF No. 12. On October 3, 2023, Trinidad submitted a reply brief in further support of the Petition. ECF No. 13.

Trinidad was incarcerated at FCI Otisville at the time he filed his Petition. See, e.g., ECF No. 1 at 3. On April 11, 2025, Trinidad informed the Court that he had been transferred to FCI Thomson in Thomson, Illinois. See ECF No. 18.

In May 2026, through a search of the BOP website, the Court discovered that Trinidad was "[n]ot in BOP [c]ustody as of: 12/15/2025." See Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 29, 2026) (search using BOP Register Number 53141-069). On May 12, 2026, the Court directed Respondent to confirm whether Trinidad was still in the United States. ECF No. 19. On May 21, 2026, Respondent filed a letter stating that "[a]ccording to [the] Department of Homeland Security, Immigration and Customs Enforcement,

[Trinidad] was removed from the United States to the Dominican Republic via charter flight on December 23, 2025." ECF No. 20.

## DISCUSSION

"A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome, at which point the Constitution's case or controversy requirement, U.S. Const. Art. III, § 2, is not satisfied and a federal court lacks subject matter jurisdiction over the action." Briseno-Castillo v. Genalo, No. 26-CV-215 (JPO), 2026 WL 575382, at *3 (S.D.N.Y. Mar. 2, 2026) (internal quotation marks and citations omitted). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983). "If a habeas petitioner's claim fails to satisfy [the case or controversy] requirement at any point during the litigation, it must be dismissed as moot." Olivarez v. United States, No. 06-CV-14383 (RJS), 2011 WL 4001070, at *2 (S.D.N.Y. Aug. 31, 2011) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)).

A habeas petition does not necessarily become moot when the petitioner is released from custody. United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999). Instead, the case will remain a live case or controversy if "collateral consequences" of the conviction still "impinge on the petitioner post-release." Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002). And "[i]n the context of a petitioner who has been removed from the United States, the necessary question is whether or not the conviction or sentence he challenges would impact his ability to return." Ellington v. United States, No. 09-CV-4539 (HB), 2010 WL 1631497, at *1 (S.D.N.Y. Apr. 20, 2010). Where a petitioner is "permanently barred from this country on a wholly separate ground," the challenged conviction "can have no meaningful effect on his admissibility and

hence cannot serve as a possible collateral consequence." Perez, 296 F.3d at 126; see Mercurris, 192 F.3d at 294 (dismissing as moot a challenge to a sentence by a defendant who had been released from prison and deported before the expiration of his term of supervised release, where the defendant "ha[d] only a quixotic chance of legally returning to the United States" to serve the remainder of his supervised release.). Nonetheless, "[w]hile a habeas petition does not automatically become moot once a petitioner is released from prison, where the petitioner challenges only his sentence and not the underlying conviction itself, a court does not presume the existence of collateral consequences." United States v. Rodriguez, No. 15-CR-0652 (JS), 2022 WL 875212, at *2 (E.D.N.Y. Mar. 24, 2022) (citing Mercurris, 192 F.3d at 293-94).

Here, Trinidad appended an Immigration Detainer from DHS to his Petition for a writ of habeas corpus. See ECF No. 1 at 8-9. The Immigration Detainer, dated November 9, 2022, states that probable cause exists that Trinidad is a removable alien based on "[a] final order of removal." Id. at 8. Trinidad was ultimately released from BOP custody on December 15, 2025, and he was removed from the United Stated on December 23, 2025. ECF No. 20. Moreover, Trinidad does not challenge the validity of his underlying convictions in his habeas petition (see ECF No. 1), either of which would serve as an independent basis to bar Trinidad's re-entry into the United States and support the order of removal. See, e.g., Smith v. United States, No. 05-CV-1243 (NGG), 2008 WL 2795929, at *2 (E.D.N.Y. July 18, 2008) ("Petitioner, as an alien convicted of a controlled substance offense, is barred from re-entering the United States."). Instead, Trinidad challenges the calculation of ETC which, even if he were to succeed on his Petition, would not result in the vacatur of his convictions. See Kumar v. United States, No. 22-CV-5533 (JGLC) (JW), 2024 WL 5668030, at *2 (S.D.N.Y. May 1, 2024), adopted by, 2025 WL 1194376 (S.D.N.Y. Apr. 22, 2025) ("The ordinary vehicle for a federal prisoner to seek habeas

relief is 28 U.S.C. § 2255, under which a prisoner may have his sentence vacated or set aside. A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution [after] his conviction.") (internal quotation marks and citations omitted). Accordingly, even if Trinidad were to succeed on the merits of his Section 2241 habeas petition, his underlying convictions would remain and those convictions would be sufficient to support DHS's final order of removal and the commencement of removal proceedings. Cf. Hernandez v. Khahaifa, No. 10-CV-6582 KMK, 2013 WL 3984958, at *1 (S.D.N.Y. July 31, 2013) (concluding that Section 2254 habeas petition seeking vacatur of a conviction was not mooted by Petitioner's removal from the United States "because the lifetime bar on reentry into the United States for aliens, like Petitioner, who have been convicted of an aggravated felony is a sufficiently concrete collateral consequence of a state conviction to maintain a petitioner's personal stake in the outcome") (internal quotation marks and citations omitted); Rodriguez, 2022 WL 875212, at *2 (concluding that the "collateral consequences doctrine d[id] not apply" given Petitioner's "release from BOP custody -- the exact relief Petitioner sought" and the fact "that in each of his filings, Petitioner does not challenge the validity of his conviction, but only the calculation of his sentence regarding receiving credit for his time in state custody").

Further, under Section 2241—the habeas statute under which Trinidad challenges his detention—the Court retains jurisdiction only so long as the petitioner is "in custody." See Alexander v. Shanahan, No. 16-CV-5629 (RA), 2017 WL 959493, at *1 (S.D.N.Y. Mar. 1, 2017); 28 U.S.C. § 2241(c). And "[t]o the extent a habeas petition challenges only the alien's continued detention," the petition is "moot once the petitioner is removed." Santos v. Garland, No. 21-CV-6446 (FPG), 2021 WL 6064388, at *1 (W.D.N.Y. Dec. 22, 2021); see Garcia v.

Holder, No. 12-CV-3792 (PAE) (HBP), 2013 WL 6508832, at *2 (S.D.N.Y. Dec. 11, 2013) (concluding that "[petitioner]'s removal from the country renders his habeas petition [challenging his continued detention by the United States Bureau of Immigration and Customs Enforcement] moot"). This is because the relief sought in the "habeas proceeding—namely, release from continued detention in administrative custody—has been granted." Mukonkole v. Garland, No. 20-CV-6599 (FPG), 2023 WL 2501045, at *1 (W.D.N.Y. Mar. 14, 2023) (quoting Arthur v. DHS/ICE, 713 F. Supp. 2d 179, 182 (W.D.N.Y. 2010)). Given that Trinidad received "the relief that he seeks in his Petition, his Petition is moot and [this Court] do[es] not have subject-matter jurisdiction over the action." See Guerrero v. F.C.I. Otisville Warden, No. 23-CV-702 (VSB), 2023 WL 4549505, at *1 (S.D.N.Y. July 14, 2023) (denying Section 2241 petition as moot where petition asked the Court to "direct the BOP to grant [Petitioner] a sentence reduction by granting him time credits," "Petitioner was awarded time credits under the FSA, and was released from FCI Otisville," and "[s]ubsequent to Petitioner's release . . . he was detained by ICE and . . . removed from the United States"); Alexander, 2017 WL 959493, at *1 (explaining that because the petitioner "was removed from the United States and is no longer 'in custody,' [ ] the petition no longer presents a live controversy and is moot").

DHS issued a final order of removal against Trinidad and Trinidad was removed from the United States in December 2025. Because he is no longer in BOP "custody" for purposes of Section 2241, the Petition is moot. See Santos, 2021 WL 6064388, at *1 (*sua sponte* dismissing habeas action as moot "[g]iven Petitioner's removal [from the United States]"); Mukonkole, 2023 WL 2501045, at *1 ("Given Petitioner's removal, the Court *sua sponte* dismisses this [Section 2241] action as moot."); see also Garing v. Miller, No. 24-CV-5932 (KMK) (JCM), 2025 WL 2607923, at *1 (S.D.N.Y. June 9, 2025), adopted by, 2025 WL 2607662 (S.D.N.Y.

Sept. 9, 2025) (quoting Brooks v. Keyser, No. 20-CV-3403 (KMK), 2024 WL 474583, at *1 (S.D.N.Y. Feb. 7, 2024)) ("When a habeas petitioner dies while their petition is pending, federal courts have consistently concluded that their death renders their habeas case moot."); Grant v. Gonyea, 18-CV-7720 (JPC), 2021 WL 1422811, at *1-2 (S.D.N.Y. Mar. 8, 2021) (collecting cases concluding that death of petitioner renders petition moot).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the Petition be **DISMISSED** as moot.

**SO ORDERED.**

DATED: New York, New York
July 6, 2026

VALERIE FIGUEREDO
United States Magistrate Judge

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Dale E. Ho. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**